ANDINO, PLAINTIFF AND APPELLEE, v. CANALES, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in an
Action of Unlawful Detainer.

No. 1916.—Decided March 31, 1919.

UNLAWFUL DETAINER—TITLE OF OWNERSHIP.—An action of unlawful detainer is
a special proceeding whose only object is to recover the possession of real
property by evicting therefrom the person who detains it without title. When
the defendant sets up any title for the possession and supports it by any
evidence, judgment should not be rendered against him, but the parties
should litigate the title in an ordinary action before an action of unlawful
detainer can be maintained.

The facts are stated in the opinion.

Mr. Ignacio Hernández for the appellant.

Mr. Antonio Trujillo for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

The plaintiff-appellee, Agustín M. de Andino, brought an
action of unlawful detainer in the District Court of San Juan,
Section 2, on April 28, 1917, against the defendant-appellant,
Juana Canales, alleging that he was the owner of a house
and lot situated in the ward of Cataño, of the municipality
of Bayamón, of which the defendant was in possession at
sufferance without paying any rent or other consideration,
wherefore he prayed for a judgment of eviction, with the
costs, expenses and disbursements of the action.

The defendant answered the complaint, denying its ma-
terial allegations, and as new matter of defense alleged that
she was the owner of the property in question, having ac-
quired half of it as her interest in an industrial partnership
into which she had entered more than 42 years before with
Pablo Figueroa Díaz, he being a tailor and she a dressmaker,
and having acquired the other half by virtue of a conveyance
made to her by Ramona Figueroa, the heir of the said Pablo
Figueroa. The defendant also alleged that she was in the
quiet, public, peaceful and uninterrupted possession of the

property since the death of Pablo Figueroa, and that they jointly held such possession during his life.

The court entered judgment on March 23, 1918, sustaining the complaint and ordering the eviction of the defendant Juana Canales, who appealed from that judgment to this court.

The only question to be decided herein is whether the defendant is in possession at sufferance of the property to which the defendant has a dominion title.

The evidence of the plaintiff tends to show that he is the owner of the house and lot in question by virtue of a deed of purchase and sale executed to him on December 24, 1915, by Teresa and Encarnación Díaz and that the vendors had acquired the lot by a grant made to them by The People of Porto Rico in a public deed of September 30, 1915, and the house by inheritance from their deceased brother, Pablo Figueroa Díaz, whose intestate heirs they were adjudged to be by the court. The evidence of the defendant tends to show that she and Pablo Figueroa lived together under the same roof for more than forty years, Figueroa being a tailor and the defendant a dressmaker, and that they worked together on equal shares in the expenses and profits, during which community life they erected with the savings of both the house in which they lived until the death of Pablo Figueroa on May 2, 1908, and which the defendant occupied thereafter continuously.

We have already said in the case of *Torres et al.* v. *Pérez,* 18 P. R. R. 557, wherein the plaintiff introduced a recorded title to prove the ownership claimed by him, that "an action of unlawful detainer is a special proceeding * * * is not a proper one to decide the right of ownership, and for that reason when the defendant alleges some title to the possession of the property, unless all evidence to sustain such allegation is lacking, ejectment should not be decreed and the question of legal title to the property should be settled in

an ordinary action before the action of unlawful detainer can be brought.''

The evidence examined at the trial does not warrant the conclusion that the defendant is in possession of the property in question at sufference, or without any title, for she alleges that she is in possession as owner, and such allegation, at least as to her having an interest in the ownership of the house, is not wholly unsupported by the evidence.

According to a judgment of the Supreme Court of Spain of May 29, 1906, 104 *J. C.* 424, which doctrine was accepted by us in *Veve et al.* v. *Fajardo Sugar Growers' Association,* 18 P. R. R. 277, ''the action of unlawful detainer lay only when between the lessee and lessor, or the owner of the estate and the person who occupies it at sufferance, there exist no legal relations other than such as are derived from said character, and when with respect to them no reasonable doubts are raised requiring an examination and discussion possible only in the prosecution of the proper declaratory action.''

Concerning the legal relations between the plaintiff as owner and the defendant as tenant at sufferance, there are reasonable doubts derived from other relations existing between Pablo Figueroa and Juana Canales on account of their having lived and worked together, each for the benefit of both, during which time they built with their common funds the house in question. In the face of these doubts we cannot but conclude that there exists an antecedent question of law of great importance which cannot be decided in an action of unlawful detainer lacking the securities of defense and pleading offered by declaratory actions.

It is true that the defendant did not introduce direct evidence to show that she entered into an industrial partnership with Pablo Figueroa Díaz, according to the specific allegation of her answer; but it is to be observed that she denied generally the material allegations of the complaint, thereby denying that she was a tenant at sufferance, and

under this general denial any evidence could be introduced to show that she was not such tenant. As we have already said, she did introduce such evidence and it was admitted without objection on the part of the plaintiff.

For the foregoing reasons the judgment must be reversed, reserving to the plaintiff whatever rights he may have to sue in the proper action.

*Reversed.*

Justices del Toro and Hutchison concurred.
Justices Wolf and Aldrey dissented.

DISSENTING OPINION OF MR. JUSTICE ALDREY IN WHICH MR. JUSTICE WOLF CONCURRED.

Although in her answer to the complaint in the action of unlawful detainer the appellant alleged that she was the owner of half of the house in controversy because it was built by Pablo Figueroa with the common funds earned by the industrial partnership of which she was a member, and of the other half by conveyance from the natural daughter of her partner, nevertheless the evidence did not show the existence of any contract forming the industrial partnership, but showed only that the appellant and Pablo Figueroa lived together in concubinage, during which time the house was built by Pablo Figueroa.

As the defendant-appellant and Pablo Figueroa were not partners by virtue of any partnership contract sanctioned by the statutes of this Island, and as concubinage does not create the lawful conjugal partnership formed only by marriage, the fact that the defendant and Pablo Figueroa lived and worked together for many years, each for the benefit of both, and that during that time the house was built with the common funds, did not make defendant Juana Canales the owner of half of the said house, and therefore that fact does not bar the present action of unlawful detainer. As to her being the owner of the other half by conveyance from the

natural daughter of Pablo Figueroa, no evidence was offered on that point.

For the foregoing reasons the judgment below sustaining the complaint should be affirmed.

I have been auhorized to state that Mr. Justice Wolf concurs in this dissenting opinion.